**Zach Rosenblatt (SNB# 345034)**
**ZSR LAW**
406 Broadway, #125
Santa Monica CA 90401
Telephone: (310)-529-1213
Email: zachsrosenblatt@gmail.com
Attorney for Plaintiff, KATARINA BENZOVA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATARINA BENZOVA., <br><br> Plaintiff, <br><br> vs. <br><br> PETERSON CAR MUSEUM, <br><br> Defendant | Case No.: <br><br><br> **COMPLAINT FOR DAMAGES** <br> **1) COPYRIGHT INFRINGEMENT** <br> **2) VICARIOUS INFRINGEMENT** <br> **3) CONTRIBUTORY INFRINGMENT** <br> **4) VIOLATION OF VARA §106A** |

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

Plaintiff Katarina Benzova brings this action against Defendant Petersen Automotive Museum for willful copyright infringement, vicarious copyright infringement, contributory copyright infringement, violation of the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A. Defendant reproduced, displayed, and commercially exploited Plaintiff's copyrighted fine-art photograph of musician Saul Hudson (professionally known as "Slash") without authorization, license, or consent. Defendant obtained the photograph from an agent of the photograph's subject, failed to verify copyright ownership despite its sophisticated knowledge of intellectual property rights in the entertainment industry, misspelled Plaintiff's name in the attribution, and profited from displaying the copyrighted work to museum visitors for commercial gain.

## STATEMENT OF FACTS

### Parties

1.      Plaintiff Katarina Benzova is a professional fine art photographer specializing in music and entertainment photography. Plaintiff resides in Los Angeles, California.

2.      Defendant Petersen Automotive Museum is a museum located in Los Angeles, California, that displays automobiles and automotive-related exhibits to the paying public for profit.

### Plaintiff's Copyrighted Photograph

3.      In 2016, Plaintiff created an original photograph depicting musician Saul Hudson, professionally known as "Slash", performing with his signature Les Paul guitar while wearing his iconic top hat (the "Photograph").

4..      The Photograph constitutes an original work of authorship fixed in a tangible medium of expression.

COMPLAINT FOR DAMAGES

5. The work also qualifies as a VARA work of art as it is a still photographic image produced for exhibition purposes only, existing in a signed and numbered limited edition of fewer than 200 copies.

6. Plaintiff is the sole author and copyright owner of the Photograph.

7. On or about January 28, 2025, Plaintiff filed an application with the United States Copyright Office to register a group of published photographs titled 'KB_GNR_SouthAmerica2016,' which includes the Photograph, covering 651 photographs published between October 26, 2016, and November 30, 2016. As such, the Photograph is properly registered under Registration Number: VA0002439257. Attached hereto as "Exhibit 1" is a true and correct copy of such registration.

8. Plaintiff has at all relevant times owned all rights, title, and interest in and to the Photograph, including all copyrights therein.

9. Plaintiff never authorized, licensed, or consented to Defendant's reproduction, display, or commercial use of the Photograph. Defendant never asked sought, or obtained written explicit consent from Plaintiff.

**Defendant's Infringing Conduct**

10. Defendant operates the Petersen Automotive Museum as a commercial enterprise, charging admission fees to visitors and generating approximately $15,000,000 in annual revenue.

11. Defendant regularly curates exhibits featuring automobiles associated with celebrities, musicians, and motion pictures.

12. Through its regular business operations, Defendant possesses sophisticated knowledge of intellectual property rights, including copyrights, publicity rights, and the necessity of obtaining proper releases and licenses from copyright owners, studios, and celebrity representatives.

**COMPLAINT FOR DAMAGES**

13.     Defendant routinely obtains releases and licenses for copyrighted materials used in its exhibits, including photographs, film clips, and music associated with celebrities such as the band Metallica and others.

14.     In or about early 2023, Defendant planned and executed an exhibit featuring automobiles associated with Slash (the "Slash Porche Exhibit").

15.     Defendant received the Photograph from Jeff Varner, who acted as an agent or representative of Slash.

16.     Defendant knew or should have known that Jeff Varner, as an agent of the photograph's subject, did not own the copyright to the Photograph and could not lawfully authorize its use.

17.     Despite possessing sophisticated knowledge of copyright law and industry practices, Defendant failed to conduct any reasonable verification of copyright ownership.

18.     Defendant failed to request or obtain explicit proof of copyright ownership from Jeff Varner or any purported rights holder.

19.     Defendant failed to request or obtain a valid copyright license or release from Plaintiff.

20.     Defendant reproduced the Photograph by creating a large-scale indoor billboard display panel.

21.     Defendant reproduced the Photograph either through its in-house production facilities or by contracting with a third-party vendor to manufacture the display panel.

22.     Defendant incorporated the reproduced Photograph into a physical display panel measuring several feet in height, prominently featuring the Photograph alongside text describing Slash's career and an image of a Porsche automobile.

23.     Defendant installed the display panel in its museum at the Porsche exhibit section.

**COMPLAINT FOR DAMAGES**

24.   Defendant publicly displayed the reproduced Photograph to paying museum visitors from April 2023 through April 2024.

25.   Defendant used the Photograph as a commercial draw to attract visitors to the museum and generate admission revenue.

26.   Defendant attributed the Photograph to Plaintiff but deliberately or recklessly misspelled Plaintiff's name, crediting the work to "Kat Bendoza" or similar misspelling, rather than the correct spelling "Katarina Benzova."

27.   This misspelling violated Plaintiff's right of attribution under the Visual Artists Rights Act.

28.   On or about August 2023, a friend of Plaintiff visited the Petersen Automotive Museum by chance and discovered the unauthorized display of the Photograph, which Plaintiff later confirmed.

30.   Defendant's reproduction, display, and commercial exploitation of the Photograph occurred without Plaintiff's knowledge, authorization, license, or consent.

32.   Defendant profited from the unauthorized display by collecting admission fees from museum visitors who viewed the infringing display.

33.   Defendant's conduct was willful, deliberate, and undertaken with reckless disregard for Plaintiff's copyright rights.

## FIRST CAUSE OF ACTION
### Copyright Infringement
### *(17 U.S.C. §§ 101 et seq.)*

34.   Plaintiff incorporates by reference all preceding paragraphs.

35.   Plaintiff owns all rights, title, and interest in and to the Photograph, including the exclusive copyright therein.

COMPLAINT FOR DAMAGES

36.     The Photograph constitutes an original work of authorship entitled to copyright protection under 17 U.S.C. § 102(a).

37.     Plaintiff registered the Photograph with the United States Copyright Office as part of the group registration "KB_GNR_SouthAmerica2016". The Photograph is properly registered under Registration Number: VA0002439257.

38.     Defendant copied the Photograph by reproducing it as a large-scale display panel.

39.     Defendant publicly displayed the Photograph at the Petersen Automotive Museum from April 2023 through April 2024.

40.     Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106, including the exclusive rights to reproduce the copyrighted work and to display the copyrighted work publicly.

41.     Defendant's reproduction and public display of the Photograph occurred without Plaintiff's authorization, license, or consent.

42.     Defendant's conduct was willful and undertaken with knowledge that it lacked authorization to use the Photograph.

43.     As a direct and proximate result of Defendant's copyright infringement, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**Vicarious Copyright Infringement**

*(17 U.S.C. §§ 101 et seq.)*

44.     Plaintiff incorporates by reference all preceding paragraphs.

45.     Defendant possessed the right and ability to supervise and control the reproduction and display of the Photograph.

**COMPLAINT FOR DAMAGES**

46.     Defendant either reproduced the Photograph through its own in-house facilities or contracted with and supervised third-party vendors to manufacture the infringing display panel.

47.     Defendant exercised direct supervision and control over the installation and display of the infringing reproduction at the Petersen Automotive Museum.

48.     Defendant possessed the authority to prevent or terminate the infringing display at any time.

49.     Defendant obtained a direct financial benefit from the infringing display through admission fees paid by museum visitors.

50.     Defendant generated revenue of approximately $15,000,000 annually from museum operations, including admission fees from visitors who viewed the infringing display.

51.     Defendant used the Photograph as a commercial draw to attract paying visitors to the museum.

52.     Defendant had the right and ability to control the infringing conduct and obtained direct financial benefit therefrom.

53.     Defendant's vicarious copyright infringement was willful and undertaken with reckless disregard for Plaintiff's rights.

54.     As a direct and proximate result of Defendant's vicarious copyright infringement, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Contributory Copyright Infringement

### *(17 U.S.C. §§ 101 et seq.)*

55.     Plaintiff incorporates by reference all preceding paragraphs.

**COMPLAINT FOR DAMAGES**

56.   Defendant knew or had reason to know that Jeff Varner's provision of the Photograph to Defendant for reproduction and display constituted copyright infringement.

57.   Defendant knew that Jeff Varner, as an agent of the photograph's subject rather than the photographer, did not own the copyright to the Photograph.

58.   Defendant possessed sophisticated knowledge of intellectual property rights through its regular business practice of obtaining copyright licenses and releases for exhibits featuring celebrity-related materials.

59.   Despite this knowledge, Defendant failed to verify copyright ownership or obtain authorization from the actual copyright owner.

60.   Defendant materially contributed to the infringement by accepting the Photograph from Jeff Varner, reproducing it, and displaying it publicly.

61.   Defendant induced, caused, or materially contributed to the infringing conduct by providing the means and facilities for the reproduction and public display of the Photograph.

62.   Defendant's contributory copyright infringement was willful and undertaken with actual knowledge of the infringing activity.

63.   As a direct and proximate result of Defendant's contributory copyright infringement, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### Violation of Visual Artists Rights Act

### *(17 U.S.C. § 106A)*

64.   Plaintiff incorporates by reference all preceding paragraphs.

65.   The Photograph constitutes a work of visual art as defined under 17 U.S.C. § 101.

**COMPLAINT FOR DAMAGES**

66.     Plaintiff possesses rights under the Visual Artists Rights Act, 17 U.S.C. § 106A, including the right of attribution.

67.     Under 17 U.S.C. § 106A(a)(1)(A), Plaintiff has the right to claim authorship of the Photograph.

68.     Under 17 U.S.C. § 106A(a)(2), Plaintiff has the right to prevent the use of her name as the author of the Photograph in the event of distortion, mutilation, or other modification of the work that would be prejudicial to her honor or reputation.

69.     Defendant violated Plaintiff's right of attribution by misspelling Plaintiff's name when crediting authorship of the Photograph.

70.     Defendant attributed the Photograph to "Kat Bendoza" or similar misspelling rather than correctly attributing authorship to "Katarina Benzova."

71.     This misspelling constitutes a violation of Plaintiff's right to claim authorship of her work.

72.     The misspelling prejudiced Plaintiff's honor and reputation as a professional photographer by misidentifying her as the author of the work.

73.     Defendant's conduct was intentional or, at minimum, grossly negligent.

74.     Defendant knew or should have known Plaintiff's correct name, as Jeff Varner or other sources would have possessed accurate information regarding the photographer's identity.

75.     As a direct and proximate result of Defendant's violation of the Visual Artists Rights Act, Plaintiff has suffered and continues to suffer damages, including injury to her professional reputation.

76.     Plaintiff is entitled to statutory damages and attorney fees under 17 U.S.C. § 504(c) for Defendant's violation of her rights under § 106A. *Flack v. Friends of Queen Catherine Inc.*, 139 F. Supp. 2d 526, 531 (S.D. N.Y. 2001)

9

**COMPLAINT FOR DAMAGES**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katarina Benzova respectfully requests that this Court enter judgment in her favor and against Defendant Petersen Automotive Museum as follows:

1.    On the First Cause of Action for Copyright Infringement, Plaintiff elects to recover statutory damages under 17 U.S.C. § 504(c) in the maximum amount permitted by law;

2.    On the Second Cause of Action for Vicarious Copyright Infringement, Plaintiff elects to recover statutory damages under 17 U.S.C. § 504(c) in the maximum amount permitted by law;

3.    On the Third Cause of Action for Contributory Copyright Infringement, Plaintiff elects to recover statutory damages under 17 U.S.C. § 504(c) in the maximum amount permitted by law;

4.    On the Fourth Cause of Action for Violation of the Visual Artists Rights Act, Plaintiff elects to recover statutory damages and attorney fees under 17 U.S.C. § 504(c) in the maximum amount permitted by law for violation of rights under 17 U.S.C. § 106A;

7.    Costs of suit incurred herein;

8.    A permanent injunction enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them from infringing Plaintiff's copyrights;

9.    A permanent injunction enjoining Defendant from displaying, reproducing, or otherwise exploiting the Photograph;

10.    Pre-judgment and post-judgment interest at the maximum rate permitted by law; and

11.    Such other and further relief as the Court may deem just and proper.

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated: June 9, 2026                    ZSR LAW

*Zach Rosenblatt*
_____
Zachary S. Rosenblatt, Esq.
Attorney for Plaintiff
Katarina Benzova

**COMPLAINT FOR DAMAGES**

Case 2:26-cv-06277     Document 1     Filed 06/09/26     Page 12 of 12   Page ID #:12

**COMPLAINT FOR DAMAGES**